**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4921**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EZEKIEL JOEL BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:19-cr-00049-RGD-RJK-1)

Submitted: May 27, 2021                                      Decided: June 4, 2021

Before KEENAN, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia; Michael Rayfield, MAYER BROWN LLP, New York, New York, for Appellant. G. Zachary Terwilliger, United States Attorney, Christina Taylor, Special Assistant United States Attorney, Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ezekiel Joel Brown of obstructing, delaying, and affecting commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). He received a 117-month term of imprisonment. On appeal, Brown challenges the district court's ruling denying his motion to suppress all evidence recovered following the warrantless search of his disabled vehicle. We affirm.

Prior to trial, Brown filed a motion to suppress, contending that the evidence against him was obtained as the result of an illegal search and seizure. In response, the Government argued, *inter alia*, that the evidence should not be suppressed because it would have been discovered as a matter of course during an inventory search. The district court found that the arresting officer's search of the vehicle, to the extent it exceeded accessing and securing a visible firearm, violated the Fourth Amendment. However, the court further concluded that the contested evidence inevitably would have been discovered during a lawful police inventory search of the car and, therefore, denied Brown's motion to suppress.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Subject to certain exceptions, the Government generally "is prohibited from using evidence discovered in an unlawful search against the individual whose constitutional right was violated." *United States v. Seay*, 944 F.3d 220, 223 (4th Cir. 2019). "One such exception is the inevitable discovery doctrine, which allows the government to use evidence gathered in an otherwise unreasonable search if it can prove by a

2

preponderance of the evidence that law enforcement would have ultimately or inevitably discovered the evidence by lawful means." *Id.* (internal quotation marks omitted). "'Lawful means' include an inevitable search falling within an exception to the warrant requirement, such as an inventory search, that would have inevitably uncovered the evidence in question." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017).

"When reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 310 (2020). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* (brackets and internal quotation marks omitted). "Whether law enforcement would have inevitably discovered the evidence by lawful means is a question of fact, and we thus accord great deference to the district court's findings." *Bullette*, 854 F.3d at 265. "A court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The district court found that when the arresting officer approached Brown's vehicle and observed the firearm, the officer had already called a towing company and was preparing to conduct an inventory of the vehicle by filling out a required tow sheet. Under the police department's towing policy, this planned inventory was mandatory. The court

3

therefore concluded that the Government had demonstrated by a preponderance of the evidence that, had the warrantless search never occurred, a lawful police inventory search of the vehicle inevitably would have uncovered the challenged evidence.

The record supports the district court's conclusion that the disputed evidence would inevitably have been discovered. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*